**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. ARASH EMAMI as EDWARD N.'S ATTORNEY-IN-FACT,<br><br>*Plaintiff*,<br><br>v.<br><br>EMPIRE HEALTHCHOICE ASSURANCE, INC. and EXCAVATORS UNION LOCAL 731 WELFARE FUND,<br><br>*Defendants*. | Civil Action No. 18-679<br>(JMV) (CLW)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns an insurance coverage dispute between Plaintiff Dr. Arash Emami ("Dr. Emami"), as Edward N.'s ("Patient") attorney-in-fact (collectively "Plaintiff"), and Defendants Empire Healthchoice Assurance, Inc. ("Empire") and Excavators Union Local 731 Welfare Fund ("the Fund") (collectively, the "Defendants"). In this Employee Retirement Income Security Act ("ERISA") matter, Plaintiff claims that he is entitled to greater payment from Defendants pursuant to Patient's health insurance benefits. Currently pending before the Court is Defendant Empire's motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 49. The Court reviewed the parties' submissions in support and in opposition,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b)

---

[1] Plaintiff's Second Amended Complaint will be referred to as "SAC" (D.E. 49); Defendant Empire's brief in support of its motion will be referred to as "Def. Br." (D.E. 54-1); Plaintiff's brief in opposition will be referred to as "Pl. Opp." (D.E. 60); and Defendant Empire's reply brief will be referred to as "Def. Reply" (D.E. 61).

and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

## I. FACTUAL BACKGROUND[2]

For the purposes of the pending motion, the Court does not retrace this case's full factual and procedural history. The Court instead incorporates by reference the detailed background in its September 20, 2019 Opinion and Order ("Prior Op."), which granted in part and denied in part Plaintiff's Amended Complaint for failure to state a claim. D.E. 47, 48.

On January 14, 2019, Plaintiff Dr. Emami filed the First Amended Complaint ("FAC"), D.E. 26, which alleged one count for recovery of benefits under ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a)(1)(B). D.E. 26. Plaintiff alleged that the "Maximum Allowed Amount" for out-of-network providers such as Dr. Emami is defined in the Plan as a "fee schedule/rate," which is developed through the consideration of five factors. FAC ¶¶ 35-36. Plaintiff argued, among other things, that the Plan's terms regarding the "fee schedule/rate," are "so vague and indefinite as to be illusory." *Id.*

On February 11, 2019, Defendant Empire filed a motion to dismiss Plaintiff's FAC. D.E. 30. Defendant Empire asserted three bases for dismissal of Plaintiff's FAC: (1) Plaintiff's claim was deficient and failed to state a claim; (2) Plaintiff's claim was time-barred for the 2016 dates

---

[2] The factual background is taken from Plaintiff's Second Amended Complaint, D.E. 49, as well as any documents referenced, relied on, or attached to Plaintiff's Second Amended Complaint. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Plaintiff's claims are based on Plaintiff's ERISA governed welfare benefit plan under Defendant Excavators Union ("the Plan"). *See* SAC, Ex. A. Therefore, the Court considers the Plan.

of service; and (3) Plaintiff failed to exhaust administrative remedies for the 2017 date of service. D.E. 30-1. The Court first ruled that Plaintiff's FAC set forth allegations in a conclusory manner without factual support and thus failed to meet the plausibility standard. Prior Op. at 10. The Court noted that while Plaintiff claimed in his Opposition that Defendant never provided the fee schedule/rates, the Plan itself clearly indicated that "Empire's Out-of-Network Provider fee schedule/rate may be accessed by calling the Customer Service number on the back of your identification card." *Id.* at 11; FAC, Ex. A. at 114.[3] However, Plaintiff never indicated that he followed this simple procedure to obtain a copy of the fee schedule. Prior Op. at 11.

As to Defendant's argument that Plaintiff's claim for the 2016 dates of service was time-barred, the Court declined to reach the issue because Plaintiff did not allege that Defendant was either the plan administrator or the claims administrator in the FAC. *Id.* at 14. Furthermore, the Court found that Defendants should have conducted an analysis as to the applicability of Federal Rule of Civil Procedure 15's relation back provision regarding the original Complaint. *Id.* Lastly, the Court declined to reach Defendant's argument that Plaintiff failed to exhaust administrative remedies as to the 2017 date of service, but noted that both the Plan and the explanation of benefits clearly indicated that Plaintiff had 180 days to appeal the decision. *Id.* at 16. The Court explicitly granted Plaintiff the opportunity in a Second Amended Complaint to address the issues of whether *Mirza v. Ins. Adm'r of Am., Inc.*, 800 F.3d 129 (3d Cir. 2015) applies as it pertains to the exhaustion of administrative remedies and whether Plaintiff is a plan administrator or a claims administrator. *Id.* at 14, 16.

---

[3] This Opinion's page citations citing to the Plan reference the page numbers of Exhibit A as opposed to the page numbers of the Plan itself.

On October 23, 2019, Plaintiff filed the SAC. D.E. 49. Plaintiff again alleges one count for recovery of benefits under ERISA § 502(a)(1). SAC ¶¶ 30-48. The SAC and FAC are nearly identical, with the exception of nine new paragraphs in the SAC. *See id.* ¶¶ 40-48. In the new paragraphs, Plaintiff alleges that "Defendant has never produced a copy of the fee schedule/rate they rely upon for reimbursement despite multiple requests from Plaintiff." *Id.* ¶ 40. Plaintiff alleges that it requested the fee schedule/rate by letter on October 24, 2017, citing the Department of Labor ("DOL") regulation mandating disclosure of the document, but Defendant failed to produce it. *Id.* ¶¶ 41-43. Plaintiff alleges that on December 11, 2017, Plaintiff repeated the same request by letter, but Defendant failed to produce the fee schedule/rate. *Id.* ¶¶ 44-45. Allegedly, as of October 23, 2019, Defendants had not produced the fee schedule/rate. *Id.* ¶ 46. Plaintiff adds that "it should be noted that Defendants did not even produce the Insurance Plan at issue in this dispute until they used it in their own Motion to Dismiss on March 14, 2018." *Id.* ¶ 47. Plaintiff asserts that "Defendants are refusing to turn over relevant documents even when Plaintiff requests them and only produces [sic] them when they attempt to use it for their advantage." *Id.* ¶ 48.

Defendant then filed the current motion to dismiss. D.E. 54. Defendant Empire again argues that (1) Plaintiff failed to state a claim under section 502(a)(1)(B) of ERISA, (2) Plaintiff's ERISA claims for the 2016 dates of service are time-barred, and (3) Plaintiff failed to exhaust his administrative remedies as required under ERISA for the 2017 date of service. Def. Br. at 6-18. Plaintiff filed opposition, D.E. 60, to which Defendant Empire replied, D.E. 61.

## II.     LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain

4

sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

ERISA governs the rights and obligations of beneficiaries of, and participants in, employee benefit plans. ERISA section 502(a)(1)(B) allows a beneficiary or participant to bring a civil action to recover benefits due to her under a plan. Section 502(a)(1)(B) provides as follows:

> A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). A plaintiff must prove the following elements to prevail under a section 502(a)(1)(B) cause of action: "(1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the

plan." *Guerrero v. FJC Sec. Servs. Inc.*, 423 F. App'x 14, 16 (2d Cir. 2011) (citing *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009)). "Section 502(a)(1)(B) deals exclusively with contractual rights under the plan." *Varity Corp. v. Howe*, 516 U.S. 489, 521 n.2 (1996).

### A. Failure to State a Claim

As in its prior motion to dismiss, Defendant maintains that Plaintiff's claim for unpaid benefits under 29 U.S.C. § 1132(a)(1)(B) (section 502(a)(1)) must be dismissed because it is not plausibly alleged. Defendant points out that the SAC "is *nearly identical* to the [FAC], which this Court dismissed on the basis of insufficient factual allegations." Def. Br. at 6 (emphasis in original). Defendant asserts that Plaintiff "still fails to provide *any*, let alone sufficient, factual support for his allegations that Defendants breached specific terms of the Plan." *Id.* at 8 (emphasis in original).

Defendant claims that despite adding an allegation that Defendants failed to produce their fee schedule in response to letter requests, "Plaintiff still fails to allege how Empire specifically violated the terms of the Plan." *Id.* at 7. In addition, Plaintiff only alleges that Defendants failed to produce a copy of the fee schedule/rate after multiple requests, but "does not allege that the Plaintiff or Patient made any attempt to contact the Customer Service number to obtain fee or rate information prior to filing this lawsuit." *Id.* at 10. Defendant observes that Plaintiff's fee schedule allegations appear to better support an ERISA breach of fiduciary duty claim pursuant to section 502(a)(3) than a section 502(a)(1)(B) claim. *Id.* at 11.

Plaintiff opposes the motion and argues that the SAC "cures any purported deficiencies by the Court regarding the sufficiency of its pleadings surrounding the Defendant['s] failure to provide the Plan's fee schedule." Pl. Opp. at 2. Plaintiff claims that "Plaintiff went through

laborious efforts to receive a copy of the fee-schedule to be better apprised of Defendant's arbitrary and capricious reimbursement of the Plan." *Id.* at 4.

The Court finds that the SAC, like the FAC, fails to meet the plausibility threshold. The plain language of section 502(a)(1)(B) requires a plaintiff to demonstrate his entitlements to "benefits due to him *under the terms of the plan*." 29 U.S.C. § 1132(a) (1)(B) (emphasis added). As the Court found in its September 20, 2019 Opinion:

> The closest Plaintiff comes to stating a plausible claim for wrongful denial of benefits is asserting that since the fee schedule/rate lists "five different factors which may have been considered in developing this alleged fee schedule/rate," the Plan's terms are "so vague and indefinite as to be illusory." [FAC] ¶¶ 35-36. While Plaintiff at least refers to a specific provision in the Plan, Plaintiff merely sets forth allegations in a conclusory fashion. Plaintiff fails to provide any, much less sufficient, factual support for his allegations. *See LeMoine v. Empire Blue Cross Blue Shield*, No. 16-6786, 2018 WL 1773498 at *6 (D.N.J. Apr. 12, 2018) ("To be sure, Plaintiff adequately sets forth the date of her injuries and the general dates of hospitalization and rehabilitation. Yet, as to which actual portions of the plan were violated, when they were violated, or how they were violated, Plaintiff fails to provide plausible factual allegations."). *See also Atl. Plastic Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *15 (D.N.J. Mar. 22, 2018) (finding plaintiff's Section 502(a)(1)(B) claim deficient "based on [plaintiff's] failure to identify any provision in the Plan" that required Defendants to pay higher reimbursements).

Prior Op. at 10-11. In the SAC, Plaintiff once again merely sets forth allegations in a conclusory fashion and fails to provide sufficient factual support for the allegations.

While Plaintiff does add the allegation that Defendant failed to provide the fee schedule/rates despite multiple requests via letter request, these allegations alone do not cure the deficiencies noted in the September 20, 2019 Opinion.[4] While Plaintiff claims he went through

---

[4] Plaintiff's arguments as to failure to supply information appear to more properly implicate a violation of 29 U.S.C. § 1132(c) (section 502(c)) for an administrator's refusal to supply requested

7

"laborious efforts to receive a copy of the fee schedule," Pl. Opp. at 4, Plaintiff critically fails to allege that he ever called the Customer Service number on the back of his identification card, which the Plan itself clearly indicates is the process by which the fee schedule/rate may be accessed. *See* SAC, Ex. A at 114. It is Plaintiff's burden of proof to cite to specific provisions of Plan documents in support of its claim, and Plaintiff has apparently again failed to follow the procedure prescribed by the Plan to obtain copies of the fee schedule/rate.[5]

As a result, the Court dismisses Plaintiff's section 502(a)(1)(B) claim on the basis of insufficient factual allegations.

### B. Statute of Limitations

---

information. However, Plaintiff would still have to plausibly assert that Defendant is the proper administrator.

[5] Additionally, as the Court noted in the September 20, 2019 Opinion, Plaintiff has again failed to allege whether Defendant is a claims administrator or a plan administrator. Plaintiff alleged in its first Complaint that "Defendant is, at a minimum, the Claims Administrator for the applicable Plan for Patient," D.E. 1 ¶ 15, and that Defendant earlier indicated that it is a "claims administrator" as opposed to a "plan administrator," D.E. 10 at 12 n.10.

While neither party has raised this argument in this section, the Court notes that Defendant may be within its rights as a claims administrator (as opposed to a plan administrator) to deny Plaintiff's requests. *See Univ. Spine Ctr. v. CIGNA Health & Life Ins. Co.*, Civil Action No. 178036 (JMV), 2018 WL 3814279, at *3 (D.N.J. Aug. 10, 2018). Judge Simandle confronted a similar issue in *Broad Street Surgical Center, LLC v. Unitedhealth Group, Inc.*, and noted that:

> [t]o the extent that the Defendants failed to provide the Plaintiff with the requested documents, ERISA provides that plan administrators shall "upon written request of any participant or beneficiary furnish a copy of the latest updated summary, plan description." 29 U.S.C. § 1024(b)(4). A beneficiary may enforce this obligation under ERISA's civil enforcement provision, 29 U.S.C. § 1132(c).

Civ. No. 11-2775, 2012 WL 762498, at *15 (D.N.J. Mar. 6, 2012). In addition to failing to call the Customer Service Number on the back of Patient's identification card, Plaintiff has not demonstrated that he was not able to get a copy of the fee schedule/rate from the plan administrator.

Defendant argues once again that Plaintiff's claims related to the medical services Plaintiff received in 2016 are time-barred due to the Plan-imposed two-year statute of limitations. Def. Br. at 12-14. Defendant notes that the FAC was filed on January 14, 2019 and the SAC was filed on October 23, 2019. Thus, Defendant argues that "for the dates of service alleged on February 1, 2016 and March 28, 2016, these claims are time barred because any claim was required to be filed not later than February 1, 2018 and March 28, 2018." Def. Br. at 13-14.

While ERISA section 502(a)(1)(B) provides that a participant or beneficiary may file a civil action to recover benefits, the statute does not provide a limitations period for filing such an action. 29 U.S.C. § 1132(a)(1)(B). Instead, courts normally use the statute of limitations from the most analogous state-law claim. *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 305-06 (3d Cir. 2008). Here, the most analogous New Jersey state-law cause of action time limitation is the six-year deadline for breach of contract actions. *See Mirza*, 800 F.3d at 136 (3d Cir. 2015).

However, since plans governed by ERISA are contracts, the Third Circuit has found that "parties are allowed to contract for a shorter limitation period, so long as the contractual period is not manifestly unreasonable." *See Hahnemann*, 514 F.3d at 306. In the present case, the Plan imposes a shorter limitation period by clear terms:

> If your claim for benefits is ignored or denied, in whole or in part, you may file suit in a state or federal court. A lawsuit for benefits denied under this coverage can be filed no earlier than 60 days after the claim was filed, and *no later than two years from the date the services were received.*

SAC, Ex. A. at 122 (emphasis added). A similar contracted time limit of two years has been deemed permissible in this District. *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *6 (D.N.J. Sept. 8, 2009) ("[T]he Court holds that nothing about the

9

two year limitations period is 'manifestly unreasonable' because the period provided sufficient opportunity for the Plaintiffs to state a claim for benefits, the two year period is not substantially different from previously upheld three year periods ... and the period does [not] interfere with Congress's intent to protect ERISA beneficiaries and participants.") (citing *Klimowicz v. Unum Life Ins. Co. of Am.*, 296 F. App'x. 248, 251 (3d Cir. 2008)).

Plaintiff responds that "Defendant's entire statute of limitations arguments surrounding Plaintiff's 2016 dates of service are rendered moot due to Defendant's violation of Department of Labor Regulations and Third Circuit Precedent." Pl. Opp. at 5. Specifically, Plaintiff claims that Defendants failed to inform Plaintiff of the shortened, plan-imposed statute of limitations in the adverse benefit determination letter, which violates the DOL regulation requiring a plan administrator to provide "a statement of the claimant's right to bring a civil action" following an adverse benefit determination. *Id.* at 5-6 (quoting 29 C.F.R. § 2560.503-1(g)(1) and (g)(1)(iv)). *Mirza* held that this regulation "requires that adverse benefit determinations set forth any plan-imposed time limit for seeking judicial review" and that failure to comply will result in a plan's time limit being set aside. *Mirza*, 800 F.3d at 136, 138.

This is the same response Plaintiff proffered in opposition to the motion to dismiss the FAC. *See* D.E. 37 at 10-12. The Court declined to reach this issue in its September 20, 2019 Opinion for the following reason:

> The Department of Labor regulation that Plaintiff cites refers specifically to "plan administrators" rather than "claims administrators." *See* 29 C.F.R. § 2560.503-1(g)(1)(iv) ("[T]he plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination."). However, Plaintiff does not allege that Defendant is either the plan administrator or the claims administrator in the Amended

10

> Complaint. *See* [FAC]. Since this distinction is not pled in the [FAC], the Court does not reach this issue.[6]

Prior Op. at 13-14. Plaintiff once again fails to allege in the SAC whether Defendant is either the claims administrator or the plan administrator. Therefore, the Court once again declines to reach this issue.

Additionally, in the Court's September 20, 2019 Opinion, the Court found that "Defendants should have conducted an analysis, at least in the first instance, as to the applicability of Federal Rule of Civil Procedure 15's relation back provision regarding the original Complaint in this matter." Prior Op. at 14; *See* FED. R. CIV. P. 15(c). The Court noted that "Defendant failed to analyze why the relation back doctrine does not apply in both its brief in support of its motion to dismiss [the FAC] and in its reply." Prior Op. at 14. Once again, Defendant has failed to address why the relation back doctrine does not apply in its brief in support of its motion to dismiss the SAC. *See* Def. Br. However, in a footnote in Defendant's reply brief, Defendant noted:

> This Court has held that the requirements of the relation back doctrine under FRCP 15(c)(1)(c) apply to bar new-named plaintiffs from filing an amended pleading to relate back to an earlier-filed complaint. *See Nelson v. Cty. of Allegheny,* 60 F.3d 1010 (3d Cir. 1995). The [FAC], which names a new Plaintiff, was filed on January 14, 2019, well after the expiration of the applicable 2-year limitation.

---

[6] Defendant also previously argued that it is a "claims administrator" as opposed to a "plan administrator," and that the regulation does not apply to a claims administrator. D.E. 10. Nevertheless, a number of circuit courts have found that claims administrators or third-party administrators may be held liable if they exercise "actual control" over the benefits claims procedure. *See New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.,* 798 F.3d 125, 132 (2d Cir. 2015); *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.,* 703 F.3d 835, 844-45 (5th Cir. 2013); *Cyr v. Reliance Standard Life Ins. Co.,* 642 F.3d 1202, 1206 (9th Cir. 2011); *Gomez-Gonzales v. Rural Opportunities, Inc.,* 626 F.3d 654, 665 (1st Cir. 2010).

Def. Reply at 10 n.4. This cursory relation back analysis, placed in a footnote in Defendant's reply brief, does not adequately address the matter. Therefore, the Court cannot appropriately address the merits of the analysis.

Accordingly, Defendant's motion to dismiss the 2016 service dates as time-barred is denied.

### C. Exhaustion of Administrative Remedies

Lastly, Defendant once again asserts that Plaintiff's claim regarding the June 26, 2017 date of service must be dismissed because Plaintiff failed to exhaust administrative remedies. Def. Br. at 14-18. ERISA provides that a beneficiary may bring a civil action in federal court to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). However, the Third Circuit has long held that "[e]xcept in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citation omitted). The exhaustion requirement is "a judicial innovation fashioned with an eye toward 'sound policy.'" *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279 (3d Cir. 2007).

First, Defendant claims that the SAC, like the FAC, "alleges no facts that Plaintiff or anyone else complied with the Plan's requirements, and, indeed, only conclusorily alleges that 'Plaintiff appealed Defendants' determinations, on multiple occasions, however, Defendants stood by the propriety of their denials.'" Def. Br. at 16; SAC ¶ 24. Plaintiff responds that it did properly allege that it had exhausted its administrative remedies in both the original Complaint and the

FAC.[7]  Pl. Opp. at 7 (citing FAC ¶ 8 ("All conditions precedent to the institution of this action, e.g., administrative appeals, have occurred, been performed, been exhausted, been waived, would be futile, or should otherwise be deemed exhausted pursuant to 29 C.F.R. § 2560.503-1."); D.E. 1 ¶ 12 ("Plaintiff exhausted the applicable administrative appeals process maintained by Defendant prior to bringing this action.")).

Second, like in Defendant's prior motion to dismiss, Defendant asserts that Plaintiff's claim regarding the 2017 date of service must be dismissed because "Plaintiff failed to appeal the claims determination for the payment of benefits in 180 days, as required under the Plan." Def. Br. at 17. The Plan states that "[a]n appeal must be filed within one hundred eighty (180) calendar days from the date of receipt of notice of a denial or services." SAC, Ex. A. at 117.  Defendant claims that although Plaintiff was on notice of the claim determination in August 2017, Plaintiff did not appeal that determination until April 17, 2018, which fell past the 180-day deadline.  Def. Br. at 17.

Both Plaintiff and Defendant assert the same arguments made in the briefing for the prior motion to dismiss. Plaintiff responds that Defendant violated Department of Labor regulations and thus has "lost its ability to dismiss Plaintiff's Complaint related to the 2017 dates of service for failure to plead exhaustion or appealing in a timely manner." Pl. Opp. at 8. Plaintiff adds that since Defendant failed to include a reference to the "specific plan provision on which the [adverse benefit] determination is based," Plaintiff shall "be deemed to have exhausted administrative remedies under the Plan." *Id. See* 29 C.F.R. § 2560.503-1(g)(1)(ii), § 2560.501-1(l)(1). Defendant responds that the Third Circuit in *Mirza* "did not interpret 29 C.F.R. § 2560.503-1(g)(1) with

---

[7] Plaintiff notably did not argue that it had alleged that it had exhausted its administrative remedies in the SAC, *see* Pl. Opp. at 7, but the Court notes that paragraph 8 in the SAC mirrors paragraph 8 in the FAC.  *See* FAC ¶ 8; SAC ¶ 8.

13

respect to exhausting administrative remedies" and that such an interpretation, which would grant a party six years to file an administrative appeal, defies common sense. Def. Reply at 11.

The Court declined to rule definitively on this issue in its September 20, 2019 Opinion since the Court had already determined that dismissal of the FAC was warranted due to Plaintiff's failure to state a plausible claim under section 502(a)(1)(B). Prior Op. at 16. However, the Court noted that:

> both the Plan and the explanation of benefits clearly indicate that Plaintiff had 180 days to appeal the decision. [FAC], Ex. A. at 117; D.E. 30-4 at 3. The explanation of benefits, issued on August 25, 2017, states: "You must submit your appeal within 180 calendar days after the statement date on this EOB. If you fail to submit your appeal within this timeframe, your appeal will be rejected and the initial decision will be upheld." D.E. 30-4 at 3. Plaintiff fails to directly address Defendant's arguments regarding the plain language of the Plan and whether *Mirza* addressed 29 C.F.R. § 2560.503-1(g)(1) with respect to exhausting administrative remedies.

*Id.* The September 20, 2019 Opinion then invited Plaintiff to "directly address Defendant's arguments regarding the plain language of the Plan and whether *Mirza* addressed 29 C.F.R. § 2560.503-1(g) with respect to exhausting administrative remedies" in an amended complaint. *Id.* Plaintiff, however, failed to address the issue in the SAC.

While not entirely clear, it *appears* that Plaintiff and Defendant rely on different subsections of 29 C.F.R. § 2560.503-1(g)(1) in support of their arguments. The pertinent subsections are:

> (g) Manner and content of notification of benefit determination.
>
> > (1) Except as provided in paragraph (g)(2) of this section, the plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination. Any electronic notification shall comply with the standards imposed by 29 CFR 2520.104b–1(c)(1)(i), (iii), and (iv), or with the standards imposed by 29 CFR 2520.104b–31 (for

14

> pension benefit plans). The notification shall set forth, in a manner calculated to be understood by the claimant—
>
> . . .
>
> (ii) Reference to the specific plan provisions on which the determination is based;
>
> . . .
>
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review[.]

29 C.F.R. § 2560.503-1(g)(1)(ii) and (g)(1)(iv). *Mirza* interpreted § 2560.503-1(g)(1)(iv) in particular, concluding that (g)(1)(iv) "requires written disclosure of plan-imposed time limits on the right to bring a civil action." *Mirza*, 800 F.3d at 136. *Mirza* notably only interpreted the time limits section, rather than the plan's review procedures. *Id.* In citing to *Mirza*, Defendant relies on (g)(1)(iv). Plaintiff, in contrast, argues that Defendant has violated (g)(1)(ii), "reference to the specific plan provisions on which the determination is based." Pl. Opp. at 8. Plaintiff's opposition also implies that Plaintiff is not contesting that (g)(1)(iv) was met.

In relying on different subsections, the parties are, in a sense, talking past each other. The SAC is not clear as to which specific subsection Plaintiff was relying on, instead citing only to 29 C.F.R. § 2560.503-1. *See* SAC ¶ 8. Further, Defendant's reply does not address (g)(1)(iv) or whether it was met. The Court notes that the explanation of benefits at issue did appear to reference the Plan provisions on which the determination was based. *See* D.E. 49-1; SAC, Ex. F at 233, 236. However, the references are to the language of the Plan provisions rather than the actual alpha- or numerical sections of the Plan. *Id.* Thus, Plaintiff *appears* to be making a technical argument, that is, citing the language of the Plan is insufficient in itself. Because Defendant has the burden

15

as the moving party and because Defendant did not address this issue in its reply, the Court denies dismissal on these grounds.

A district court may dismiss with prejudice, denying leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this instance, Plaintiff has already been granted two opportunities to cure. *See* D.E. 25, 48. Critically, Plaintiff failed to comply with the Court's September 20, 2019 Opinion, so the Court assumes Plaintiff did not comply because he cannot comply. Consequently, the Court concludes that any attempted amendment would be futile. As a result, Plaintiff's claims are dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, the motion to dismiss filed by Defendant Empire, D.E. 54, is **GRANTED**. Plaintiff's claims are dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: August 17, 2020

John Michael Vazquez, U.S.D.J.